CARLOS AUGUSTO PEROZO-RANGEL
A #240-261-594
16043 KINGFIELD HAVEN DR.
HOUSTON, TX 77084

Case No. _____

United States Courts
Southern District of Texas
FILED

MAR 1 1 2026   VM

Nathan Ochsner, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

Petitioner,

vs.

**KRISTI NOEM**
SECRETARY OF THE U.S. DEPARTMENT OF
HOMELAND SECURITY;

**TODD M. LYONS**
DIRECTOR, U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT;

**SYLVESTRE ORTEGA**
ACTING FIELD OFFICE DIRECTOR, ICE
ENFORCEMENT AND REMOVAL OPERATIONS
SAN ANTONIO FIELD OFFICE;

**FACILITY ADMINISTRATOR/WARDEN**
OF RIO GRANDE PROCESSING CENTER;

Respondents.

**PETITION FOR WRIT OF HABEAS CORPUS**

**(28 U.S.C. § 2241)**

1

CARLOS AUGUSTO PEROZO-RANGEL

A# 240-261-594

16043 KINGFIELD HAVEN DR.

HOUSTON, TX 77084

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

Petitioner,

vs.

**KRISTI NOEM**
SECRETARY OF THE U.S. DEPARTMENT OF
HOMELAND SECURITY;

**TODD M. LYONS**
DIRECTOR, U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT;

**SYLVESTRE ORTEGA**
ACTING FIELD OFFICE DIRECTOR, ICE
ENFORCEMENT AND REMOVAL OPERATIONS
SAN ANTONIO FIELD OFFICE);

**FACILITY ADMINISTRATOR/WARDEN**
OF RIO GRANDE PROCESSING CENTER;

Respondents.

Case No. _____

United States Courts
Southern District of Texas
FILED

MAR 1 1 2026  VM

Nathan Ochsner, Clerk
Laredo Division

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
WITH EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

## I. PRELIMINARY STATEMENT

My name is Carlos Augusto Perozo Rangel. I am a citizen of Venezuela, detained at the Rio Grande Detention Center in Laredo, Texas. I file this petition on my own behalf because I am being held in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

I entered the United States in January 2022. The Department of Homeland Security processed me at the Newton-Azrak Border Patrol Station, conducted full criminal and immigration background checks — all of which returned NEGATIVE — and released me on a Form I-220R Order of Release on Supervision under 8 U.S.C. § 1226(a). For four uninterrupted years, I obeyed every condition of that release. I attended every ICE check-in appointment. I appeared at every immigration court proceeding. I worked lawfully, maintained a stable home, and committed no crimes. Then, on February 25, 2026, at a voluntary check-in I attended willingly, I was detained without warning, without any prior hearing, and without any finding that I had violated a single condition of my release.

This Court granted an habeas corpus relief on March 6, 2026 — the day after my bond hearing was denied — on facts materially identical to mine. See [Redacted] v. Andy Tate et al., Civil Action No. 4:26-cv-[X] (S.D. Tex. Mar. 6, 2026). The petitioner in that case, like me, entered without inspection, was released by ICE under § 1226(a), complied with all conditions of release for years, was detained at a routine check-in with no changed circumstances, and received no notice and no hearing before detention. This Court GRANTED the petition and ORDERED release within 48 hours. The same constitutional principle applies here. The same result should follow.

A Master Hearing is scheduled before Immigration Judge Stevens before Laredo Immigration Court on March 16, 2026, at 8:30 A.M. I respectfully request an Emergency Temporary Restraining Order staying that hearing pending this Court's resolution of this petition, as proceeding with the immigration hearing before the constitutional question is resolved would cause me irreparable harm.

3

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 2241(c)(3), which authorizes federal courts to issue writs of habeas corpus to persons held in custody in violation of the Constitution or laws of the United States. The Supreme Court has confirmed that district courts retain habeas jurisdiction to review constitutional claims arising from immigration detention. Zadvydas v. Davis, 533 U.S. 678, 687 (2001); INS v. St. Cyr, 533 U.S. 289 (2001). Constitutional claims are expressly preserved by 8 U.S.C. § 1252(a)(2)(D). Venue is proper in the Laredo Division. Petitioner is detained at the Rio Grande Detention Center, 1001 SAN RIO BOULEVARD, LAREDO, TX 78046, which is within this Division. Habeas corpus jurisdiction lies in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004).

## III. PARTIES

### A. Petitioner

Petitioner Carlos Augusto Perozo Rangel is a native and citizen of Venezuela, born October 8, 1987, in Maracaibo, Venezuela. He is presently confined at the Rio Grande Detention Center, 1001 SAN RIO BOULEVARD, LAREDO, TX 78046. Alien Registration Number: A# 240-261-594. FBI Number: T6M5MDJW1. FINS Number: 1315791996. Venezuelan Passport Number: 162170665.

### B. Respondents

Respondent **Warden/Facility Administrator** is the official in charge of the Rio Grande Detention Center and Petitioner's immediate custodian, the proper primary respondent in habeas proceedings. Rumsfeld v. Padilla, 542 U.S. 426 (2004).

Respondent **SYLVESTRE ORTEGA** is the Field Office Director of the ICE San Antonio Field Office, the agency official responsible for the immigration detention in which Petitioner is held. Named in his official capacity.

Respondent Attorney General of the United States, with ultimate authority over the Executive Office for Immigration Review and immigration enforcement. Named in her official capacity.

4

## IV. STATEMENT OF FACTS

### A. Entry, DHS Processing, and Release Under § 1226(a) (January 2022)

On January 11, 2022, at approximately 11:40 P.M., Border Patrol Agent Luis Perez encountered and arrested Petitioner approximately four and a half miles west of the Otay Mesa, California Port of Entry, approximately 20 yards north of the United States-Mexico International Boundary. Petitioner was transported to the Newton-Azrak Station for processing.

At the Newton-Azrak Station, DHS conducted a complete biographical and biometric intake. The Government's own Form I-213, Event No. CHU2201000508, prepared by Border Patrol Agent Daniel Moretti and reviewed by Examining Officer Ryan Hilderbrand on January 13, 2022, reflects the following findings: **Immigration Record: NEGATIVE. Criminal Record: NEGATIVE.**

The Form I-213 further states: "No wants or warrants were found." Petitioner has never been arrested, charged, or convicted of any crime in the United States or in any other country. The Government has never alleged otherwise.

Following this processing, DHS released Petitioner on a Form I-220R Order of Release on Supervision under 8 U.S.C. § 1226(a). This was an individualized determination by DHS that Petitioner did not pose a sufficient flight risk or danger to the community to warrant continued detention.

### B. Four Years and One Month of Perfect Compliance (January 2022 – February 2026)

From January 2022 through February 25, 2026, Petitioner complied perfectly with every condition of his I-220R supervised release. He attended every scheduled ICE check-in appointment without exception. He appeared at every scheduled immigration court proceeding. He maintained continuous residence at 16043 Kingfield Haven Dr., Houston, Texas 77084. He obtained work authorization and maintained continuous employment. He committed no crimes and violated no conditions of his release.

In January 2023, within the one-year statutory deadline, Petitioner filed a Form I-589 Application for Asylum and Withholding of Removal with USCIS. His wife, Patricia Ines

5

Zalec Villalobos (A# 240-261-593), is named as a derivative beneficiary. Both of his parents and his sister reside in the Houston area.

**C. Detention on February 25, 2026, and the Bond Proceeding Before IJ D'Andrea**

On February 25, 2026, Petitioner appeared voluntarily at a scheduled ICE check-in appointment and was detained without advance notice, without any prior hearing, and without any finding that he had violated any condition of his release. The only stated basis was a new government policy, Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025), which seeks retroactively to reclassify individuals in Petitioner's situation as mandatory detainees under 8 U.S.C. § 1225(b)(2)(A).

A Notice to Appear was issued on February 26, 2026, charging inadmissibility under INA § 212(a)(6)(A)(i). Following his arrest, Petitioner was transported to the Montgomery Processing Center (IHSC), where custody jurisdiction was initially assigned to the Immigration Court in Conroe, Texas. While detained there, counsel filed a request for bond redetermination seeking an individualized custody determination based on Petitioner's lack of criminal history, compliance with immigration requirements, stable residence in Houston, and the presence of a lawful permanent resident sister willing to serve as his sponsor.

After the bond request had already been filed and the hearing notice issued, immigration authorities transferred Petitioner to the Rio Grande Processing Center in Laredo, Texas. Following this transfer, jurisdiction over Petitioner's detention proceedings shifted to the Immigration Court in Laredo, Texas.

Although a custody redetermination hearing had been scheduled for March 5, 2026, the Immigration Court never conducted the hearing. Instead, the immigration court docket later reflected a Bond Decision indicating "No Action Required." The electronic record does not contain a written custody determination explaining the basis for that decision, and no individualized assessment of Petitioner's flight risk or dangerousness was ever conducted. As a result, Petitioner remains detained without having received a meaningful individualized custody determination. A Master Hearing before Immigration Judge Stevens is currently scheduled for March 16, 2026, at 8:30 A.M.

### D. Medical Conditions

Petitioner suffers from documented anxiety, panic attacks, claustrophobia, and stress-induced hypertension. These conditions have significantly worsened since detention began.

## V. ARGUMENT

*(Pro Se Petitioner respectfully requests liberal construction of all arguments herein pursuant to Haines v. Kerner, 404 U.S. 519 (1972).)*

### A. MY DETENTION WITHOUT PROCESS VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT

The Fifth Amendment provides that no person shall be deprived of liberty without due process of law. The Supreme Court has held that once the Government creates or grants a Liberty interest — even one arising from a regulatory framework — that interest is protected by the Due Process Clause and cannot be arbitrarily revoked. Wolff v. McDonnell, 418 U.S. 539, 558 (1974).

DHS's January 2022 release of Petitioner on the I-220R was an individualized determination, supported by a clean background check, that Petitioner posed no sufficient flight risk or danger to justify detention. That determination created a protected liberty interest. Petitioner relied on it for four years of faithful compliance. The Supreme Court has held that administrative agencies may not apply new rules retroactively to destroy such reliance interests. *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 61 n.12 (1984).

This Court has held that before the Government re-detains a person it previously released, it must at minimum provide: (1) prior notice; (2) an individualized showing of changed circumstances; and (3) an opportunity to respond. *[Redacted] v. Tate*, No. 4:26-cv-[X], slip op. at 6 (S.D. Tex. Mar. 6, 2026); *Alvarez Rico v. Tate*, 2026 WL 522322 (S.D. Tex. 2026); *Ahmed v. Tate*, No. 4:25-CV-05639 (S.D. Tex. Dec. 15, 2025); *Abuelhawa v. Noem*, No. 4:25-CV-04128, 2025 WL 2937692 (S.D. Tex. Oct. 16, 2025). Petitioner received none of

7

these protections. No advance notice. No changed circumstances — the Government alleges none. No opportunity to be heard before he was taken into custody.

## B. MATTER OF YAJURE-HURTADO CANNOT RETROACTIVELY STRIP PETITIONER'S LIBERTY WITHOUT A HEARING

Petitioner's claim is not that the mandatory detention statute is unconstitutional on its face. The claim is that applying it retroactively to Petitioner — a person who was individually released after a complete background check, who relied on that release for four years, who complied with every condition placed on him — without prior notice, without any individualized assessment, and without any opportunity to contest the detention before it occurred, violates the Fifth Amendment.

The Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, No. 25-20496 (5th Cir. Feb. 6, 2026), addressed the statutory question of whether § 1225(b)(2)(A) applies to entrants without inspection. Even assuming that statutory holding controls, it did not address — and expressly did not reach — the constitutional due process claim presented here: whether the Government may retroactively apply that statute to destroy a four-year reliance interest without individualized process. Constitutional claims are expressly preserved from the INA's jurisdiction-stripping provisions by 8 U.S.C. § 1252(a)(2)(D), and this Court retains independent habeas jurisdiction under 28 U.S.C. § 2241. This Court has continued to grant habeas relief on due process grounds after *Buenrostro-Mendez*. *See* No. 4:26-cv-[X] (S.D. Tex. Mar. 6, 2026).

## C. THE MATHEWS v. ELDRIDGE BALANCING TEST COMPELS RELIEF

Under *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts balance: (1) the private interest; (2) the risk of erroneous deprivation; and (3) the Government's interest. All three factors favor Petitioner.

**Private Interest.** Liberty is the most fundamental interest protected by the Constitution. Petitioner has been detained — separated from his wife, his parents, his sister, and his Houston community — with no finding that he did anything wrong. His documented medical conditions make detention acutely harmful.

**Risk of Erroneous Deprivation.** The Government applied a categorical policy to Petitioner

8

without any individual assessment. No one considered his four years of compliance, his clean criminal record, his community ties, his employment, his active asylum case, or the absence of any supervision violation. A blanket rule that ignores all of these facts creates precisely the risk of erroneous deprivation that *Mathews* requires courts to remedy.

**Government's Interest.** The Government has not alleged — in any document — that Petitioner is a flight risk or a danger to the community. Four years of voluntary compliance, a clean FBI check, and zero criminal history are the strongest possible evidence on that question. The Government's interest in continued detention is minimal.

## VI. REQUESTED REMEDY

In the March 6, 2026 order on directly identical facts, this Court ordered release within 48 hours under the terms of the prior supervised release order, and further ordered that the Government may not re-detain the petitioner during removal proceedings absent a pre-detention hearing before an Immigration Judge at which the Government proves, by clear and convincing evidence, that she is a flight risk, a danger, or has violated release conditions. *[Redacted] v. Tate*, No. 4:26-cv-[X], slip op. at 10 (S.D. Tex. Mar. 6, 2026); *Alvarez Rico*, 2026 WL 522322, at *6–7.

Petitioner respectfully requests identical relief. The Government's own I-220R, supported by a NEGATIVE background check, was its determination that Petitioner posed no risk. Four years of perfect compliance confirms it. Nothing has changed. Petitioner should be released under the terms of his 2022 I-220R, and the Government should be required to prove changed circumstances by clear and convincing evidence before it may detain him again.

## VII. EMERGENCY TEMPORARY RESTRAINING ORDER

Pursuant to Federal Rule of Civil Procedure 65(b), Petitioner respectfully moves for an Emergency Temporary Restraining Order staying the March 16, 2026 immigration court Master Hearing before IJ Stevens, pending this Court's resolution of this petition. A proposed order is submitted separately in compliance with S.D. Tex. Local Rule 7.1(C).

The four-factor standard under *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008), is satisfied.

9

**Likelihood of Success.** This Court granted habeas corpus relief on materially identical facts on March 6, 2026. The due process claim is well-founded under this Court's own controlling precedent.

**Irreparable Harm.** Petitioner's asylum application has not yet been properly filed in the EOIR record. If the March 16 hearing proceeds, the Immigration Judge may permanently pretermit the asylum claim, resulting in a removal order to Venezuela, a country where Petitioner faces persecution. Deportation is irreversible. Continued unlawful detention is itself irreparable harm.

**Balance of the Equities.** A brief administrative stay costs the Government nothing. The harm to Petitioner from denial — permanent loss of his asylum claim and possible deportation — vastly outweighs any inconvenience to the Government from a short delay.

**Public Interest.** The public interest is served by courts enforcing the Constitution and preventing the unlawful detention and deportation of individuals who have demonstrated good-faith compliance over four years.

## VIII. PRAYER FOR RELIEF

For the foregoing reasons, Petitioner respectfully requests that this Court:

1. **ISSUE** an Emergency Temporary Restraining Order immediately staying the March 16, 2026 immigration court Master Hearing and prohibiting Respondents from removing Petitioner from the jurisdiction of this Court while this petition is pending;

2. **ISSUE** an Order to Show Cause requiring Respondents to file a response to this petition within three (3) days of service;

3. **GRANT** the Writ of Habeas Corpus and ORDER Petitioner's immediate release from custody under the conditions of his January 2022 Form I-220R Order of Release on Supervision;

4. **ORDER** that Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which Respondents demonstrate, by clear and convincing evidence, that Petitioner is a flight risk, a danger to the community, or has violated the conditions of his supervised release;

5. **ORDER** Respondents to file a status advisory with this Court within 48 hours of any order of release confirming compliance; and
6. **GRANT** such other and further relief as this Court deems just, proper, and consistent with the United States Constitution.

## DECLARATION UNDER 28 U.S.C. § 1746

I, Carlos Augusto Perozo Rangel, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Petition for Writ of Habeas Corpus, that I prepared it to the best of my ability, and that the factual statements herein are true and correct to the best of my knowledge, information, and belief.

I am currently detained at the Rio Grande Detention Center, 1001 SAN RIO BOULEVARD, LAREDO, TX 78046. I am filing this petition in my own name as I am unable to secure counsel admitted to practice in this Court for this federal habeas proceeding. I respectfully request that this Court construe this petition liberally, as required for pro se filings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89 (2007).

_____
Carlos Augusto Perozo Rangel

Petitioner, Pro Se

A# 240-261-594

Rio Grande Detention Center

1001 SAN RIO BOULEVARD

LAREDO, TX 78046

Executed on: 03 / 05 , 2026