Case No. ______________

CARLOS AUGUSTO PEROZO-RANGEL

A# 240-261-594

16043 KINGFIELD HAVEN DR.

HOUSTON, TX 77084

United States Courts
Southern District of Texas
FILED

MAR 1 1 2026 VM

Nathan Ochsner, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

Petitioner,

vs.

**KRISTI NOEM**
SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY;

**TODD M. LYONS**
DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT;

**SYLVESTRE ORTEGA**
ACTING FIELD OFFICE DIRECTOR, ICE ENFORCEMENT AND REMOVAL OPERATIONS SAN ANTONIO FIELD OFFICE);

**FACILITY ADMINISTRATOR/WARDEN**
OF RIO GRANDE PROCESSING CENTER;

Respondents.

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 WITH EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Petitioner, Carlos Augusto Perozo-Rangel, A#240-261-594, appearing *pro se*, respectfully moves this Court for an **Emergency Temporary Restraining Order (TRO)** and **Order to Show Cause.** Petitioner seeks an immediate order (1) restraining Respondents from continuing his unlawful detention without an individualized custody determination or bond hearing; (2) **enjoining Respondents from transferring Petitioner outside of this judicial district or to a different detention facility**; and (3) prioritizing the resolution of this Habeas Corpus petition as a matter of extreme urgency.

"Petitioner, appearing pro se, hereby moves for an Emergency Temporary Restraining Order and Order to Show Cause. While Respondents purport to hold Petitioner under the color of 8 U.S.C. § 1225(b)(2)(A), Petitioner does not seek to challenge the statutory interpretation of the Immigration and Nationality Act (INA). Instead, this motion seeks to restrain Respondents from continuing a detention that has crossed the threshold into a freestanding constitutional violation.

In light of recent jurisprudence, including Buenrostro v. Bondi, Petitioner clarifies that this action is not a challenge to the discretionary authority of the Attorney General, but rather a civil rights action to redress the deprivation of rights secured by the Fifth and Fourteenth Amendments to the U.S. Constitution.

## INTRODUCTION

Petitioner, Carlos Augusto Perozo-Rangel, A#240-261-594, is a citizen and national of Venezuela who entered the United States on or about January 11, 2022, near Otay Mesa, California. Following his entry, he was processed by immigration authorities and released under Form I-220A (Order of Release on Recognizance) pending immigration proceedings. Since his release, Petitioner has complied fully with all immigration requirements imposed by the Department of Homeland Security. He has consistently appeared for scheduled ICE check-ins and has maintained a stable residence in Houston, Texas, where he lives with his wife and maintains strong family and community ties. Petitioner has no criminal history in the United States or in Venezuela.

Petitioner timely filed an application for asylum within one year of his entry, pursuant to 8 U.S.C. §1158(a)(2)(B). Taking into consideration that he applied for Temporary Protected Status (TPS) which

was approved, and subsequently his process was dismissed in court, a circumstance that allowed him to apply for asylum with U.S. Citizenship and Immigration Services (USCIS) where it is currently pending.

Despite his full compliance with all immigration reporting requirements, on February 25, 2026, Petitioner appeared for a routine reporting appointment with U.S. Immigration and Customs Enforcement (ICE) in Houston, Texas, as he had done on multiple prior occasions. During this routine check-in appointment, and without any intervening criminal conduct or violation of immigration conditions, ICE officers took Petitioner into custody. He was subsequently transferred to immigration detention and is currently being held at the Rio Grande Processing Center in Laredo, Texas.

Petitioner continues to pursue protection in the United States through his pending asylum application before USCIS. In addition, Petitioner has a lawful permanent resident sister who has committed to serve as his sponsor and provide housing and support upon release, further demonstrating that he poses neither a danger to the community nor a risk of flight. Although Petitioner sought relief through the immigration court process, the Immigration Judge declined to take action on his request for a custody determination, leaving Petitioner detained without any meaningful review of his eligibility for release. As a result, Petitioner currently remains in immigration detention without any individualized custody determination or bond hearing, despite his compliance with all immigration requirements, the presence of a verified sponsor, and the absence of any criminal history.

Although the government may attempt to justify Petitioner's detention under 8 U.S.C. §1225(b)(2), the absence of any meaningful custody review—particularly where the detainee has demonstrated compliance with immigration authorities and maintains strong ties to the community—raises serious constitutional concerns. Petitioner's continued detention under these circumstances violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which protects against arbitrary deprivations of liberty without adequate procedural safeguards. Accordingly, this Court has jurisdiction under 28 U.S.C. §2241 to review the legality of Petitioner's detention and to grant appropriate relief, including release from custody or, at minimum, an individualized bond hearing.

## I. STATEMENT OF FACTS

1. **Identity and Status:** Petitioner, is a citizen and national of Venezuela who entered the United States on or about January 11, 2022, near Otay Mesa, California. After being processed by immigration authorities, Petitioner was released under Form I-220A (Order of Release on

Recognizance) pending immigration proceedings. Petitioner has no criminal history in Venezuela or in the United States.

2. **Residency in the United States and Compliance:** Since his release, Petitioner has continuously resided in the United States and maintains his habitual residence at 16043 Kingfield Haven Drive, Houston, Texas 77084, where he lives with his wife. Petitioner has complied with all immigration reporting requirements and has appeared at all scheduled ICE reporting appointments.

3. **Asylum Application and Immigration Status:** Petitioner timely filed an application for asylum within one year of entry. Petitioner was subsequently granted Temporary Protected Status (TPS), and as a result his immigration court proceedings were dismissed. Jurisdiction over his asylum application was submitted to U.S. Citizenship and Immigration Services (USCIS), where the application remains pending.

4. **Arbitrary Detention without Cause:** On February 25, 2026, Petitioner appeared for a routine reporting appointment with U.S. Immigration and Customs Enforcement (ICE) in Houston, Texas. During this routine check-in appointment, ICE officers took Petitioner into custody despite his full compliance with immigration requirements and the absence of any criminal conduct.

5. **Initial Detention and Court Jurisdiction:** Following his arrest, Petitioner was transported to the Montgomery Processing Center (IHSC), where custody jurisdiction was initially assigned to the Immigration Court in Conroe, Texas.

6. **Request for Bond Redetermination:** While detained at the Montgomery Processing Center (IHSC), was filed a request for bond redetermination before the Conroe Immigration Court. Petitioner sought an individualized custody determination based on his lack of criminal history, compliance with immigration requirements, stable residence in Houston, and the presence of a lawful permanent resident sister willing to serve as his sponsor.

7. **Notice of Custody Redetermination Hearing:** Following the bond request, the immigration court system issued a Notice of Custody Redetermination Hearing, scheduling Petitioner's bond hearing for March 5, 2026, at 1:00 p.m.

8. **Transfer to Rio Grande Processing Center:** After the bond request had already been filed and the hearing notice issued, immigration authorities transferred Petitioner from the Montgomery Processing Center (IHSC) to the Rio Grande Processing Center in Laredo, Texas.

9. **Jurisdictional Change:** Following this transfer, immigration court jurisdiction over Petitioner's detention proceedings shifted to the Immigration Court in Laredo, Texas.

10. **Bond Decision – No Action Required:** Despite the previously scheduled hearing, the immigration court docket later reflected a Bond Decision stating that the Immigration Judge found "No Action Required."

11. **Absence of Written Custody Determination:** The electronic record does not contain a formal written bond order explaining the Immigration Judge's reasoning. The only document uploaded to the record was Form I-213 – Record of Deportable.

12. **Continued Detention Without Review:** As a result, Petitioner remains detained without ever receiving a meaningful individualized custody determination, despite his lack of criminal history, full compliance with immigration requirements, and the presence of a verified sponsor.

13. **Urgency and Ongoing Harm:** Petitioner's continued detention interferes with his ability to prepare for his immigration proceedings, seek and consult with legal counsel, and adequately defend his case. Petitioner also suffers from anxiety and claustrophobia, conditions that are exacerbated by prolonged confinement in immigration detention.

## II. PRELIMINARY STATEMENT AND NATURE OF THE ACTION

Petitioner, Carlos Augusto Perozo-Rangel, is a citizen and national of Venezuela who has resided peacefully within the interior of the United States since his entry on or about January 11, 2022, near Otay Mesa, California. Following his entry, Petitioner was processed by immigration authorities and released under Form I-220A (Order of Release on Recognizance) pending immigration proceedings. While such release does not constitute formal admission, it authorized Petitioner's continued presence in the United States and his participation in lawful immigration processes.

Petitioner complied fully with those processes. He established residence in Houston, Texas, where he lives with his wife, complied with all reporting obligations imposed by the Department of Homeland Security, and maintained continuous cooperation with immigration authorities. Petitioner has no criminal history in Venezuela or in the United States. Petitioner also timely filed an application for asylum within one year of entry. He was subsequently granted Temporary Protected Status (TPS). As a result of that lawful status, his immigration court proceedings were dismissed and jurisdiction over his asylum application was submitted to U.S. Citizenship and Immigration Services (USCIS), where his protection claim remains pending.

Despite Petitioner's compliance with immigration requirements and his lawful presence under TPS, ICE officers detained him on February 25, 2026, when he appeared for a routine reporting appointment with ICE at 126 Northpoint Dr, Houston, TX 77060. No criminal conduct was alleged, no violation of supervision conditions was identified, and no individualized explanation for the deprivation of liberty was provided.

Following his arrest, Petitioner was transported to the Montgomery Processing Center, where jurisdiction over his custody proceedings was initially assigned to the Immigration Court in Conroe, Texas. While detained there, Petitioner requested a bond redetermination hearing, seeking an individualized custody determination based on his lack of criminal history, his compliance with immigration requirements, his stable residence in Houston, and the presence of a lawful permanent resident sister willing to serve as his sponsor and provide housing and support upon release. The immigration court subsequently issued a Notice of Custody Redetermination Hearing Scheduling Petitioner's bond hearing for March 5, 2026, at 1:00 p.m. However, before the hearing could occur, immigration authorities transferred Petitioner to the Rio Grande Processing Center in Laredo, Texas, which resulted in a change of immigration court jurisdiction. The immigration court docket later reflected a Bond Decision stating that the Immigration Judge found "No Action Required." No written order explaining the decision was issued. The only document uploaded to the record was Form I-213 – Record of Deportable, leaving Petitioner detained without any meaningful individualized custody determination.

This action therefore seeks judicial intervention under 28 U.S.C. § 2241 to adjudicate the constitutional legality of Petitioner's continued detention. By converting routine supervision under Form I-220A into custodial detention without individualized review, Respondents have imposed detention inconsistent with fundamental due process protections.

Petitioner's continued confinement is particularly harmful because it interferes with his ability to prepare for his immigration proceedings, obtain and consult with legal counsel, and pursue his pending protection claims before USCIS. In addition, Petitioner suffers from anxiety and claustrophobia, conditions that are exacerbated by prolonged confinement in immigration detention.

Under these circumstances, continued detention without a meaningful custody determination is arbitrary, disproportionate, and constitutionally infirm. Prompt judicial intervention is therefore necessary to prevent further unlawful deprivation of liberty and to ensure that Petitioner may pursue his immigration proceedings under conditions consistent with due process, fundamental fairness, and the orderly administration of immigration law.

## III. ARGUMENT: THE ILLEGALITY OF CAPTURE AND DETENTION

### A. The "Entry Fiction" Cannot Reach into the Interior

Respondents appear to justify Petitioner's detention by treating him as an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b). Such characterization is legally improper under the facts of this case. Petitioner entered the United States on or about January 11, 2022, and was released under Form I-220A (Order of Release on Recognizance) pending immigration proceedings. Since that time, Petitioner has lived continuously in the interior of the United States, maintaining stable residence in Houston, Texas, complying with all immigration reporting requirements, and participating in lawful immigration processes. Petitioner also timely filed an application for asylum within one year of entry and was subsequently granted Temporary Protected Status (TPS).

The government nevertheless detained Petitioner on February 25, 2026, when he appeared for a routine ICE reporting appointment. He had committed no crime, violated no supervision condition, and presented no individualized risk. Under these circumstances, extending the "entry fiction" doctrine to justify indefinite interior detention would improperly transform a legal fiction designed for border processing into a tool for prolonged detention of individuals who have lived in the United States under government supervision for years.

### B. Constitutional Violation (Fifth Amendment)

Petitioner's detention is therefore governed by the discretionary custody framework of 8 U.S.C. § 1226(a), which requires an individualized custody determination. Continued detention without such review is inconsistent with the statutory scheme and violates fundamental due process protections. So, petitioner's detention is not regulatory; it is **punitive**. The Fifth Amendment protects all "persons" within the U.S. from the deprivation of liberty without due process.

- **Arbitrary Detention:** Categorical incarceration without regard for community roots or individual circumstances is inherently arbitrary and "shocks the conscience." *Rochin v. California*, 342 U.S. 165.
- **Right to an Individualized Hearing:** The primary illegality is the total denial of a "meaningful opportunity to be heard." *Armstrong v. Manzo*, 380 U.S. 545. Here, Petitioner requested a bond hearing, yet no meaningful review ever occurred. By detaining

Petitioner without a functioning mechanism for individualized custody review, Respondents have created a procedural vacuum incompatible with the Fifth Amendment.

**C. Conflict with the Laken Riley Act**

Respondents' use of § 1225(b) as a "catch-all" for mandatory detention ignores the specific mandates of the Laken Riley Act (2025). That Act defines specific criminal triggers for mandatory interior detention. Petitioner meets none of these criteria. To allow the government to use § 1225(b) to bypass the specific limitations placed by Congress in 2025 would render the Laken Riley Act's specific criminal-based triggers superfluous.

**D. The Immigration Court's "No Action Required" Entry Confirms the Breakdown of the Custody Determination Process**

The administrative record in this case further demonstrates the unlawfulness of Petitioner's detention. While detained at the Montgomery Processing Center, Petitioner properly requested a bond redetermination hearing before the Immigration Court in Conroe, Texas. The court issued a Notice of Custody Redetermination Hearing, scheduling the hearing for March 5, 2026 at 1:00 p.m. However, before the hearing occurred, immigration authorities transferred Petitioner to the Rio Grande Processing Center in Laredo, Texas, shifting jurisdiction to the Laredo Immigration Court. The immigration court docket later reflected a Bond Decision stating that the Immigration Judge found "No Action Required." No written order explaining this decision was issued. Instead, the only document uploaded to the record was Form I-213 – Record of Deportable, which contains no substantive custody determination.

This procedural sequence left Petitioner detained without ever receiving the individualized custody review required under §1226(a) and the Fifth Amendment. To the extent the Immigration Court relied on decisions such as Buenrostro-Mendez v. Bondi or Matter of Yajure-Hurtado to justify declining to conduct a custody hearing, such reliance is misplaced. Neither decision authorizes immigration courts to refuse to adjudicate a properly filed request for bond redetermination where the detainee has been living in the interior of the United States under supervision and seeks individualized custody review.

Moreover, the federal district courts retain independent authority under 28 U.S.C. §2241 to review the legality of immigration detention when the administrative process fails to provide a meaningful custody determination. In this case, the Immigration Court's "No Action Required" entry—without a written order and without conducting the scheduled hearing—demonstrates that the administrative process has failed to provide the procedural safeguards required by law. Federal habeas intervention is therefore necessary to restore those protections and to prevent the continued unlawful deprivation of Petitioner's liberty.

## IV. IRREPARABLE HARM AND THE STATUS QUO

1. **Constitutional Injury:** Petitioner's continued detention without a meaningful individualized custody determination violates the Due Process Clause of the Fifth Amendment and constitutes ongoing irreparable harm. Petitioner requested a bond redetermination before the Immigration Court, and the court issued a Notice of Custody Redetermination Hearing. However, the hearing never occurred. Instead, the court docket later reflected a "No Action Required" entry without a written custody determination, leaving Petitioner detained without the procedural safeguards required by due process.
2. **Compliance and Immigration Proceedings:** Petitioner's continued detention substantially interferes with his ability to consult with legal counsel, gather supporting documentation, and adequately prepare his immigration case. Petitioner must prepare for upcoming immigration proceedings and continue pursuing his pending protection claims. Detention severely restricts communication, document preparation, and attorney access, impairing his ability to meaningfully participate in his case and defend himself against removal.
3. **Medical and Psychological Harm:** Petitioner suffers from anxiety and claustrophobia, conditions that are significantly aggravated by prolonged confinement in an immigration detention facility. The restrictive and enclosed conditions of detention intensify these symptoms. Continued detention therefore imposes harm that cannot be remedied after the fact.
4. **Risk of Transfer:** Petitioner faces a continuing risk of transfer to another detention facility, as demonstrated by his prior transfer from the Montgomery Processing Center (IHSC) to the Rio Grande Processing Center in Laredo, Texas. Additional transfers could further disrupt his access to counsel and complicate this Court's ability to exercise jurisdiction over his habeas petition. Petitioner therefore respectfully requests that the Court maintain the status quo regarding his physical location during the pendency of these proceedings.
5. **Arbitrary Nature of Continued Detention:** Petitioner has no criminal history, has complied with all immigration requirements since his release under Form I-220A, and has maintained stable residence in the interior of the United States. Nevertheless, ICE converted what had been routine supervision into custodial detention when Petitioner appeared for a routine ICE reporting appointment. The absence of any individualized custody determination, combined with the Immigration Court's failure to adjudicate Petitioner's bond request, renders his continued detention arbitrary, disproportionate, and constitutionally infirm.
6. **Necessity of Immediate Judicial Intervention:** Absent immediate relief, Petitioner will continue to suffer irreparable harm through ongoing detention that interferes with his ability to prepare his immigration case, obtain legal representation, and protect his constitutional rights. Federal habeas review exists precisely to prevent continued detention where liberty is restrained without lawful authority or meaningful procedural review. Prompt judicial intervention is therefore necessary to preserve Petitioner's rights and prevent further unlawful deprivation of liberty.

## V. PRAYER FOR EXPEDITED RELIEF

The legality of Petitioner's continued detention warrants prompt judicial review through habeas corpus. Petitioner remains deprived of liberty under circumstances that raise serious constitutional concerns, including the absence of a meaningful individualized custody determination, which implicates the Due Process Clause of the Fifth Amendment. As described above, Petitioner was taken into immigration custody despite his longstanding compliance with immigration requirements and his lack of any criminal history. Although Petitioner sought a bond redetermination before the Immigration Court, no meaningful custody review has occurred, leaving him detained without an individualized determination regarding flight risk or danger to the community.

Petitioner's continued detention imposes ongoing and irreparable harm. Confinement substantially interferes with his ability to seek and consult with legal counsel, gather supporting documentation, and prepare for his immigration proceedings. These limitations are particularly significant because Petitioner must continue pursuing his immigration relief while in custody. He also suffers from anxiety and claustrophobia, conditions that are exacerbated by prolonged confinement in an immigration detention facility.

Under these circumstances, expedited consideration is necessary to prevent further unlawful deprivation of liberty and to ensure that Petitioner may pursue his immigration case in a manner consistent with due process, fundamental fairness, and constitutional protections.

## VI. REQUEST FOR RELIEF

**WHEREFORE,** Petitioner respectfully requests that this Court:

a. **ISSUE** a Temporary Restraining Order strictly enjoining and restraining Respondents and their agents from transferring Petitioner outside of the Southern District of Texas or to any other detention facility pending the final adjudication of this Habeas Corpus petition;

b. **DECLARE** that his detention is punitive and violates the Due Process Clause of the Fifth Amendment;

c. **DECLARE** that the status quo of the Petitioner's current immigration and legal proceedings be maintained pending the final resolution of this Petition for Writ of Habeas Corpus;

d. **GRANT** any other relief the Court deems just and necessary.

## CERTIFICATION REGARDING NOTICE (Fed. R. Civ. P. 65(b)(1)(B))

1. Petitioner certifies that immediate and irreparable injury will occur before Respondents can be heard in opposition. Petitioner is presently detained under an unlawful and vacated detention policy without access to a bond hearing and faces ongoing deprivation of liberty, as well as the risk of transfer or removal that could frustrate this Court's jurisdiction.

2. Petitioner has provided or will promptly provide notice of this filing to the United States Attorney's Office for the Southern District of Texas and to agency counsel for Todd M. Lyons (ICE) 500 12th Street, SW Washington, DC 20536; Sylvestre Ortega (ACTING FIELD DIRECTOR OFFICE) 1777 NE Loop 410, Suite 1500, San Antonio, TX 78217; and to the Facility Administrator of the Rio Grande Processing Center, 1001 San Rio Blvd, Laredo, TX 78046, through U.S. regular mail.

**CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that the Court grant this Emergency Motion for Temporary Restraining Order and Order to Show Cause and enter the accompanying proposed order.

Dated: 03/05, 2026

Respectfully submitted,

CARLOS AUGUSTO PEROZO-RANGEL **(PRO SE)**
16043 KINGFIELD HAVEN DR. HOUSTON, TX 77084.